United States District Court

For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  ROBERT S. MILTON, | No. C 09-0821 WHA (PR) |
| 11           Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY** |
| 12  v. | **JUDGMENT; GRANTING SUMMARY JUDGMENT IN FAVOR** |
| 13  M. SAYRE, Chief Medical Officer; | **OF UNSERVED DEFENDANT** |
| 14  MAUREEN MCLEAN, Health Care Manager; DR. CAPITANO; JOHN DOE, Watch Commander; N. | |
| 15  GRANNIS, Appeals Coordinator, | |
| 16           Defendants. | |
| 17  _____/ | (Docket No. 21) |

18                          **INTRODUCTION**

19          This is a civil rights action filed under 42 U.S.C. 1983 by a state prisoner proceeding pro

20   se. Plaintiff claims that defendants Dr. M. Sayre, Maureen McLean, and Dr. Capitano, all

21   health care employees at Pelican Bay State Prison ("PBSP"), and N. Grannis, the Appeals

22   Coordinator of the California Department of Corrections and Rehabilitation, were deliberately

23   indifferent to his serious medical needs in violation of the Eighth Amendment. Defendants

24   McLean, Sayre, and Capitano all move for summary judgment. Defendant Grannis has not

25   appeared in this action because she was not served. Although he was given the opportunity to

26   oppose the motion for summary judgment, and an extension of time in which to do so, plaintiff

27   has not filed an opposition. For the reasons set out below, the motion for summary judgment is

28   **GRANTED** and summary judgment is also **GRANTED** in favor of Grannis.

**ANALYSIS**

**A.     PLAINTIFF'S PAPERS**

Plaintiff did not file an opposition to defendants' motion for summary judgment.  On February 26, 2010, approximately one month before defendants filed their motion, plaintiff wrote a letter to the court stating that his "legal paperwork" from another case (Case No. C 09-5785 WHA (PR)), was "stolen" from him by prison officials.  In case plaintiff was also having trouble accessing his legal papers in the instant case, defendants were ordered to inform the court whether plaintiff had access to his legal papers, and plaintiff was also granted an extension of time to May 21, 2010, in which to file an opposition to defendants' motion.  Defendants submitted declarations of prison staff indicating that plaintiff was in administrative segregation during the time he had to prepare his opposition.  In administrative segregation, inmates' legal papers are stored separately from the inmates, and plaintiff was informed how to request his papers.  Plaintiff did not file any requests for access to his legal papers during that time, however, although he was granted requests for access to the law library, to be given "preferred legal user" status, and for paper, envelopes and proof of service forms.  These matters are not disputed by plaintiff, and plaintiff has not asserted that he did not have access to the legal papers in this case or that he was unable to prepare an opposition.  Accordingly, the motion for summary judgment will be ruled on without an opposition from plaintiff.

**B.     MOTION FOR SUMMARY JUDGMENT**

An unopposed motion for summary judgment may not be granted solely because the other party has failed to file an opposition.  *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact).  The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also North American Specialty Insurance Company v. Royal Surplus Lines Insurance Company*, 541 F.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in opposition to a motion for summary judgment, the district court is

United States District Court

For the Northern District of California

1  not required to search the record sua sponte for a triable issue of fact).

2  The papers in support of defendants' motion for summary judgment show that they were

3  not deliberately indifferent to plaintiff's serious medical needs.  Deliberate indifference to a

4  prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and

5  unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official is

6  deliberately indifferent if she knows that a prisoner faces a substantial risk of serious harm and

7  disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S.

8  825, 837 (1994).  Neither negligence nor gross negligence will constitute deliberate

9  indifference.  *Id.* at 835-36 & n.4 (1994).

10  Plaintiff complains in his amended complaint that upon his arrival at PBSP on

11  November 7, 2008, his prescription for a cane, braces, orthopedic boots, "T.E.N.S. Unit" and

12  Morphine were discontinued, and he asserts that he needed these items to help him walk and to

13  manage his pain.  Defendants' papers establish that he was assigned to PBSP's Secured

14  Housing Unit ("SHU"), where such items were not allowed for security reasons (Sayre Decl. ¶¶

15  3-5).  Consequently, when he arrived at PBSP, he was placed in PBSP's medical clinic, the

16  Correctional Treatment Center ("CTC"), for seven days where his medical condition and need

17  for disability devices and pain medication were evaluated (*id.* ¶ 5).  At the CTC, Dr. Martinelli

18  (who is not a defendant) and defendant Dr. Capitano evaluated plaintiff on separate occasions

19  (*id.* ¶ 6).  They both determined that plaintiff did not need any disability devices in order to be

20  mobile and that his pain level did not warrant a narcotic such as morphine (*ibid.*).  They

21  concluded that he therefore did not have a medical need to continue the prescription for

22  disability devices and morphine that he had received at his prior prison (*ibid.*).  Defendant Dr.

23  Sayre, the Chief Medical Officer at PBSP, also examined plaintiff at the CTC and reviewed the

24  findings of Dr. Capitano and Dr. Martinelli, and he agreed with them (*id.* ¶ 7).  Plaintiff was

25  thus released from the CTC without the devices and with a prescription for 650 milligrams of

26  Tylenol for his pain (*id.* ¶ 6).  While in the CTC, plaintiff filed administrative grievances to get

27  the devices and morphine back, but defendants McLean, a registered nurse and PBSP's Health

28  Care Manager, and Grannis denied the grievances(Pappan Decl. Ex. J).

United States District Court
For the Northern District of California

3

1     Between his release from the CTC and the filing of defendants' motion for summary

2 judgment, over 16 months later, plaintiff had made no requests for any medical attention for

3 mobility problems (Sayre Decl. ¶ 8). He made "sporadic" complaints about back pain, which

4 was diagnosed by another PBSP doctor, Dr. Williams, as "common low-back pain" that did not

5 require more than the Tylenol he was prescribed (*ibid.*).

6     While plaintiff's amended complaint is verified, and as such is treated as a sworn

7 affidavit opposing summary judgment motion to the extent it sets forth matters based on the

8 plaintiff's personal knowledge and sets forth specific facts admissible in evidence, *see*

9 *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995), the amended complaint

10 sets forth no factual allegations that contradict or dispute the defendants' account of the medical

11 treatment they provided. Rather, plaintiff's claims are premised on his opinion that the medical

12 treatment he received Dr. Capitano, Dr. Sayre, and the non-defendants Dr. Martinelli and Dr.

13 Williams, was not the proper type of medical treatment for his condition. However, "[a]

14 difference of opinion between a prisoner-patient and prison medical authorities regarding

15 treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th

16 Cir. 1981). Here, plaintiff's disagreement with the opinion of the doctors who treated him as to

17 whether the treatment he received was medically appropriate does not create a create a triable

18 issue of fact as to whether defendants were deliberately indifferent to his medical care.

19     Although plaintiff had received the disability devices and morphine at his prior prison

20 (Corcoran), it is customary for an inmate's medical condition to be reevaluated when he arrives

21 at a new institution (Sayre Decl. ¶ 9). There is no medical evidence refuting the unanimous

22 opinion of the PBSP doctors who examined and treated him, including the non-defendants Dr.

23 Martinelli and Dr. Williams, that plaintiff did not have a medical need for the mobility devices

24 and morphine he had received previously. This opinion was certainly buttressed by the

25 undisputed evidence that after his release from the CTC, plaintiff did not seek any medical

26 treatment for mobility problems and that he suffered no more than common low-back pain

27 treatable with Tylenol. Moreover, to whatever extent a contrary medical opinion could be

28 inferred drawn from the Corcoran doctors' previously prescribing the mobility devices and

**United States District Court**
For the Northern District of California

1  morphine for plaintiff, a difference of opinion between doctors as to the need to pursue one

2  course of treatment over another is insufficient, as a matter of law, to establish deliberate

3  indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).  As a result, plaintiff's

4  previous prescriptions does not create a triable issue of fact that the treatment defendants

5  provided was deficient, let alone deliberately indifferent to plaintiff's  medical needs.

6       In sum, defendants' unopposed summary judgment papers establish that they did not

7  violate his constitutional rights, and there is no genuine issue of material fact either evident

8  from those papers or created by any factual allegations in plaintiff's verified complaint.

9  Consequently, defendants are entitled to summary judgment on plaintiff's claims.

10  **C.     UNSERVED DEFENDANT**

11       As noted, defendant Grannis was not served.  Grannis, like defendant McLean, is sued

12  for denying an inmate grievance in which plaintiff requested the mobility devices and morphine

13  he had been prescribed at his prior prison.  The claims against them are thus derivative of the

14  claims against Dr. Capitano and Dr. Sayre insofar as the claims depend on a finding that the

15  doctors acted improperly in finding that such prescriptions were no longer medically required.

16  As there is no triable issue of fact as to whether the treatment plaintiff received from Dr.

17  Capitano and Dr. Sayre was medically deficient, let alone deliberately indifferent, the derivative

18  claims against Grannis and McLean would not survive summary judgment.  Thus, summary

19  judgment will also be granted in Grannis's favor.  *See Columbia Steel Fabricators, Inc. v.*

20  *Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995) (affirming district court's granting

21  summary judgment in favor of nonappearing defendant, where plaintiff, in response to motion

22  filed by defendants who had appeared, had "full and fair opportunity to brief and present

23  evidence" on dispositive issue as to claim against nonappearing defendant).

24  //

25  //

26

27

28

**United States District Court**
For the Northern District of California

5

**CONCLUSION**

Defendants' motion for summary judgment (docket number 21) is **GRANTED**.  Summary judgment is also **GRANTED** in favor of defendant Grannis.  Plaintiff's request to refer this case for alternative dispute resolution is **DENIED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January __31__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\MILTON0821.MSJ.wpd

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6